UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

CIVIL ACTION NO. 0:22-CV-00008-GFVT-EBA

CARL ADKINS,                                                                                                    PLAINTIFF,

V.                                      **REPORT AND RECOMMENDATION**

JUSTIN ROBINSON, *et al.,*                                                                         DEFENDANTS.

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Betty Noble's ("Noble") Motion for Summary Judgment. [R. 71]. Plaintiff Carl Adkins ("Adkins") filed a timely response [R. 77]. Noble filed a reply in support of her motion. [R. 82]. For the reasons that follow, the undersigned will recommend that Noble's motion for summary judgment should be GRANTED.

**I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

Adkins is an inmate confined at Eastern Kentucky Correctional Complex ("EKCC"). [R. 1 at 4]. Pertinent to the matter at hand are Adkins' allegations of disparate treatment by Noble, a Medical Care Provider at EKCC.[1] [*Id.*] After Adkins filed a Grievance Report ("grievance") against Noble regarding his belief that other inmates were improperly given access to his private medical information in violation of HIPAA, Adkins alleges that Noble retaliated against him by wrongfully withholding a prescription medication—Zanaflex—necessary to alleviate his chronic foot pain. [*Id.* at pgs. 8–11]. Specifically, Adkins alleges that he was taken off his medication

---

[1] Adkins has also made allegations of disparate treatment by other corrections officers, who he has joined as defendants in this case. [*See* R. 1]. However, because the allegations concerning Noble are factually independent from those of the other defendants, the facts related to those allegations have been omitted.

shortly after filing the grievance and was ignored by Noble when he inquired as to why he was no longer receiving his prescription pain medication. [*Id.* at pgs. 8–10].

On January 28, 2022, Adkins filed this *pro se* complaint pursuant to 42 U.S.C. § 1983. [*See id.*]. Therein, Adkins alleged, *inter alia*, that Noble: (i) violated his rights under HIPAA by allowing other inmates to have access to his medical information; (ii) violated his rights under the First Amendment by taking him off his prescription pain medication without warning as retaliation for his filing a grievance against her; (iii) violated his rights under § 1983 by acting with deliberate indifference to his serious medical needs, in violation of the Eighth Amendment; and, as a result of these violations, (iv) caused him emotional trauma and pain and suffering. [*Id.* at pgs. 9–11]. The District Court conducted an initial screening of Adkins' complaint and allowed him to proceed with his claims. [*See* R. 5]. However, Adkins' HIPAA claims against Noble were later dismissed, thus leaving only his claims against Noble under the First and Eighth Amendments. [*See* R. 33].

## LEGAL STANDARD

Under Rule 56, "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." FED. R. CIV. P. 56(a). "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Such a motion then "requires the nonmoving party to go beyond the pleadings and by [his] own affidavits, or by the depositions, answers to interrogatories, and admissions on file, designate specific facts showing that there is a genuine issue for trial." *Id.* at 324 (internal quotation marks omitted). This is so because "[o]ne of the principal purposes of the summary judgment rule is to isolate and dispose of factually unsupported claims or defenses." *Id.* at 323–24. To avoid summary judgment, the non-movant must come forward with evidence on which a jury could reasonably

find in its favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The following factors bear consideration by a court when entertaining a motion for summary judgment:

> 1. Complex cases are not necessarily inappropriate for summary judgment.
> 2. Cases involving state of mind issues are not necessarily inappropriate for summary judgment.
> 3. The movant must meet the initial burden of showing "the absence of a genuine issue of material fact" as to an essential element of the non-movant's case.
> 4. This burden may be met by pointing out to the court that the respondent, having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case.
> 5. A court should apply a federal directed verdict standard in ruling on a motion for summary judgment. The inquiry on a summary judgment motion or a 4 of 24 directed verdict motion is the same: whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.
> 6. As on federal directed verdict motions, the "scintilla rule" applies, i.e., the respondent must adduce more than a scintilla of evidence to overcome the motion.
> 7. The substantive law governing the case will determine what issues of fact are material, and any heightened burden of proof required by the substantive law for an element of the respondent's case, such as proof by clear and convincing evidence, must be satisfied by the respondent.
> 8. The respondent cannot rely on the hope that the trier of fact will disbelieve the movant's denial of a disputed fact, but must "present affirmative evidence in order to defeat a properly supported motion for summary judgment."
> 9. The trial court no longer has the duty to search the entire record to establish that it is bereft of a genuine issue of material fact.
> 10. The trial court has more discretion than in the "old era" in evaluating the respondent's evidence. The respondent must "do more than simply show that there is some metaphysical doubt as to the material facts." Further, "[w]here the record taken as a whole could not lead a rational trier of fact to find" for the respondent, the motion should be granted. The trial court has at least some discretion to determine whether the respondent's claim is "implausible."

*Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1479-80 (6th Cir. 1989).

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex*, 477 U.S. at 324. When reviewing a motion for summary judgment, "this Court must determine whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Patton v.*

*Bearden*, 8 F.3d 343, 346 (6th Cir. 1993) (quoting *Anderson*, 477 U.S. at 251-52). "[T]he existence of a mere scintilla of evidence in support of the non-moving party's position will not be sufficient; there must be evidence on which the jury could reasonably find for the non-moving party." *Sutherland v. Mich. Dept. of Treasury*, 344 F.3d 603, 613 (6th Cir. 2003) (citing *Anderson*, 477 U.S. at 251). The evidence, all facts, and any inferences that may permissibly be drawn from the facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Id.* (citing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). In such a case, summary judgment is warranted. *Alabama v. North Carolina*, 560 U.S. 330, 344 (2010); *Celotex*, 477 U.S. at 322; *Anderson*, 477 U.S. at 248.

## ANALYSIS

**1. Adkins' First Amendment Retaliation Claim**

Noble argues that Adkins has failed to establish sufficient facts that that would give rise to a valid First Amendment retaliation claim. [R. 71 at pgs. 4–6]. A valid First Amendment retaliation claim requires proof that: (1) Adkins was engaged in protected conduct; (2) an adverse action was taken against Adkins' that would "deter a person of ordinary firmness from continuing to engage in that conduct"; and (3) that "the adverse action was motivated at least in part" by Adkins' conduct. *Bell v. Johnson*, 308 F.3d 594, 602 (6th Cir. 2002) (quoting *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 2000)). Whether an action is deemed "adverse" depends on context. *Id.* at 602-03.

Adkins alleges in his complaint that, after he filed a grievance against Noble on October 18, 2021, she later retaliated by withholding his prescription pain medication. [R. 1 at pg. 10]. There

is little question that Adkins' filing a grievance against Noble is protected activity under the First Amendment. *Jackson v. Kronberg*, 111 Fed.Appx 815, 818 (6th Cir. 2004) (citing *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000)) ("An inmate has a First Amendment right to file grievances against prison officials."). Moreover, withholding prescription pain medication from Adkins—medication specifically designed to alleviate chronic pain—would also constitute an adverse action that would, under the circumstances, likely deter Adkins from filing additional grievances against Noble regarding his medical treatment and care at EKCC. *See O'Brien v. Michigan Dept. of Corrections*, 592 Fed.Appx 338, 343 (6th Cir. 2014) (finding that a "delay in treatment and discontinuance of medication" is an adverse action likely to deter a prisoner from filing subsequent grievances); *see also Jones v. Mathai*, No. 06-11925, 2008 WL 2570776, at *9 (E.D. Mich. June 24, 2008) ("[I]nterfering with a prisoner's medical treatment . . . may constitute adverse action that would deter a prisoner of ordinary firmness from exercising his right to speak out.").

However, Adkins has failed to allege sufficient facts to establish a causal connection between the protected activity and alleged adverse action. To establish a causal connection, Adkins must bring forth some evidence of a retaliatory motive, as "conclusory allegations of retaliatory motive unsupported by material facts" are insufficient. *Hill v. Lappin*, 630 F.3d 468, 475 (6th Cir. 2010) (quoting *Harbin-Bey v. Rutter*, 420 F.3d 571, 580 (6th Cir. 2005)). While circumstantial evidence of a retaliatory motive may suffice, mere "temporal proximity between the inmate's protected conduct and the official's adverse action" alone is insufficient to establish retaliatory motive. *Id.* at 476 (citing *Holzemer v. City of Memphis*, 621 F.3d 512, 525-26 (6th Cir. 2010)).

While Adkins did stop receiving his Zanaflex prescription within a short period of time following his filing of a grievance against Noble, he has not provided any evidence that he no

longer received his prescription because of Noble. Indeed, while Adkins' complaint alludes to the fact that Noble was the cause of his Zanaflex prescription being taken away, he does not offer any substantive evidence to support these claims beyond his own conclusory allegations. [*See* R. 1 at pgs. 8–11]. Moreover, Noble points to evidence attached to Adkins' complaint that tends to explain why Adkins was no longer receiving his Zanaflex prescription on November 3, 2021—Adkins' Zanaflex prescription expired on October 27, 2021. [*See* R. 71; 77]. Adkins' mere conclusory allegations that Noble caused him to no longer receive his Zanaflex prescription—when it is undisputed that the prescription expired on October 27—is insufficient to create a genuine dispute of material fact as to whether there exists a causal connection between Adkins' filing a grievance against Noble and the subsequent loss of his Zanaflex prescription. [*See* R. 1-2 at pg. 10]. Accordingly, because Noble has shown that there is no genuine dispute as to any material fact regarding Adkins' First Amendment retaliation claims against her, it is recommended that Noble's motion for summary judgment regarding Adkins' First Amendment retaliation claim be granted.

   **2.  Adkins' § 1983 Deliberate Indifference Claim**

Noble next argues that Adkins has failed establish sufficient facts to support his claim that Noble acted with deliberate indifference in denying him medical care in violation of the Eighth Amendment. [R. 71 at pgs. 6–9]. To prevail on a § 1983 cause of action, Adkins must prove that (1) state action (2) deprived him of a right guaranteed by the U.S. Constitution or a federal statute. *See Flint ex rel Flint v. Kentucky Dept. Of Corrections*, 270 F.3d 340, 351 (6th Cir. 2001).

   **A.  State Action Requirement**

An individual is a "state actor," and thus would fulfill the state action requirement of a § 1983 claim, where the individual's actions are "fairly attributable to the state." *Id.* (citing *Wolotsky v. Huhn*, 960 F.2d 1331, 1335 (6th Cir. 1992) (internal quotations omitted). Noble does not dispute

that she is a state actor, [*see* R. 71; 82], and rightly so. Though Noble was not employed by the state, her actions are fairly attributable to the state—and thus constitute state action—because her role as a Medical Provider for the inmates at EKCC impliedly authorizes her to provide medical treatment to inmates. *See West v. Atkins*, 487 U.S. 42, 55-56 (1988) (finding that, even where a State employed a physician pursuant to a contractual arrangement, the physician's actions were nonetheless deemed state action because "[i]t is the physician's function within the state system, not the precise terms of his employment, that determines whether his actions can be fairly attributable to the state"). This implied authorization "clothe[s] [her] with the authority of state law" and designates her as "a person who may fairly be said to be a state actor." *United States v. Classic*, 313 U.S. 299, 326 (1941); *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 937 (1982). Accordingly, Noble is a state actor, and her conduct represents state action for purposes of Adkins' § 1983 claim.

### B. Deprivation of Constitutional or Federal Statutory Right Requirement

Adkins alleges that Noble violated his rights under the Eighth Amendment. [R. 1 at pg. 11]. The Eighth Amendment "forbids prison officials from 'unnecessarily and wantonly inflicting pain' on an inmate by acting with 'deliberate indifference' toward the inmate's serious medical needs." *Blackmore v. Kalamazoo County*, 390 F.3d 890, 895 (6th Cir. 2004) (citing *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)). "[D]eliberate indifference to one's need for medical attention suffices for a claim under 42 U.S.C. § 1983." *Id.* (citing *Roberts v. City of Troy*, 773 F.2d 720, 723 (6th Cir. 1985)).

In bringing an Eighth Amendment claim regarding the denial of medical care under a theory of deliberate indifference, Adkins must prove both a subjective and an objective component. *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). Under the objective prong, Adkins must

show that the medical need at issue is "sufficiently serious." *Id.* A medical need is sufficiently serious if it "has been diagnosed by a physician as mandating treatment or one that is so obvious that even a layperson would easily recognize the necessity of a doctor's attention," *Harrison v. Ash*, 559 F.3d 510, 518 (6th Cir. 2008). Notably, the Supreme Court has recognized pain as a sufficiently serious medical need capable of satisfying the objective prong of a deliberate indifference claim. *See Boretti v. Wiscomb*, 930 F.2d 1150, 1154 (6th Cir. 1991) (citing *Estelle*, 429 U.S. at 105).

Under the subjective prong, Adkins must allege facts which show "that the official being sued subjectively perceived facts from which to infer substantial risk to the prisoner, that he [or she] did in fact draw the inference, and that he [or she] then disregarded that risk." *Blackmore*, 390 F.3d at 896 (quoting *Farmer*, 511 U.S. at 837). Importantly, mere negligence on the part of the official being sued is insufficient to establish the subjective prong of the substantial indifference standard. *Estelle*, 429 U.S. at 105 ("An accident, although it may produce added anguish, is not on that basis alone to be characterized as wanton infliction of unnecessary pain.").

Regarding both the objective and subjective prongs of the deliberate indifference standard, Adkins has failed to allege facts sufficient to present a genuine dispute of material fact such that he can avoid summary judgment. Under the objective prong, Adkins alleges that he suffered from chronic foot pain, and that the denial of his Zanaflex prescription resulted in him "suffer[ing] from great pain in [my] right foot[,] which has become swollen, stiff[,] and does not turn properly." [R. 1 at pg. 9]. Though pain alone is a sufficiently serious medical need capable of meeting the objective prong's standard, Adkins cannot meet the objective prong because he received medical care from the medical providers at EKCC when he made a sick call regarding his pain levels. [R. 1-2 at pg. 10]. Indeed, Adkins was prescribed 600mg ibuprofen, to be taken twice daily, by EKCC

medical providers on November 17, 2021, and he was noted as having taken 15 of a possible 24 doses by November 29, 2021. [*Id.*] Adkins does not dispute that he received alternative medical care regarding his chronic foot pain, only that he did not receive his specific Zanaflex prescription. [*See* R. 1; 77]. Because Adkins does not allege that he received no medical treatment regarding his chronic foot pain, failed to provide facts that create a genuine dispute as to whether he received treatment from the medical providers at EKCC after his Zanaflex prescription expired, and failed to provide medical proof that the altered treatment plan caused him serious medical injury, Adkins has failed to satisfy the objective prong of his Eighth Amendment claim. *See Santiago v. Ringle*, 734 F.3d 585, 590-91 (6th Cir. 2013) (finding that the objective element of an Eighth Amendment claim was not met where an inmate alleged only that he had not received a specific medical treatment—rather than having received no treatment—and had not provided any medical proof that this deviation caused him serious medical injury).

Moreover, Adkins has also failed to allege facts sufficient to create a genuine dispute of material fact regarding the subjective prong of his deliberate indifference claim. Adkins' conclusory allegation that Noble was the cause of his prescription being withheld is unsubstantial in the face of investigative findings—findings which were attached to his complaint—indicating that the reason he stopped receiving his Zanaflex prescription was because it had expired on October 27. [R. 1-2 at pg. 10]. In support of his claim, Adkins points principally to an incident on November 3—where he alleges that Noble ignored his questions regarding the stoppage of his prescription—as proof that she acted with deliberate indifference. [R. 1 at pg. 9]. However, a subsequent investigation—which Adkins again does not dispute beyond making conclusory allegations—revealed that Noble was "very busy that day" and that she was "not intentionally trying to ignore him." [R. 1-2 at pgs. 9, 11]. Adkins has not presented any additional evidence

which tends to rebut Noble's assertion that her failure to answer his question on November 3 was the result of a failure to hear him. Thus, the undisputed facts, at most, indicate that Noble acted with negligence by failing to respond to his medical questions. Because mere negligence is insufficient to sustain an Eighth Amendment claim, *Estelle*, 429 U.S. at 105, Adkins has failed to establish the subjective prong of his deliberate indifference claim.

Accordingly, because Noble has shown that there is no genuine dispute as to any material fact regarding Adkins' ability to meet the subjective and objective prongs of the deliberate indifference standard of his Eighth Amendment claim, it is recommended that Noble's motion for summary judgment regarding Adkins' deliberate indifference and denial of medical care claim be granted.

### 3. Adkins' Objections

In opposition to Noble's motion, Adkins first argues that Noble is "not entitled to summary judgment at this time due to the premature nature of the motion, in that it was not made after the close of discovery." [R. 77 at pg. 2]. Adkins' argument, however, is misplaced. Either party may file a motion for summary judgment "at any time until 30 days after the close of all discovery." FED. R. CIV. P. 56(b). Where the motion is brought within the time constraints of Rule 56, summary judgment is only improper where "the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996). Here, discovery has not yet closed, so Noble's motion is permitted under Rule 56. *See* FED. R. CIV. P. 56(b). Moreover, Adkins has had more than a sufficient opportunity for discovery. Indeed, this lawsuit was initially filed in January 2022, and discovery has been ongoing since April 2022. [*See* R. at 1; 20; 21]. Accordingly, because Adkins has had sufficient opportunity for discovery, Noble's motion for summary judgment is proper under Federal Rule 56 and Adkins' and Adkins' argument must fail.

Second, Adkins requests that the court not grant Noble's motion for summary judgment on

grounds that he is still waiting for Noble to respond to his interrogatory requests. [R. 77 at pg. 2] However, Noble has already responded to Adkins' interrogatories regarding this specific information, and she indicated that she was not in possession of any of the information he requested in responding to prior interrogatories. [*See* R. 77-1 at pgs. 8–10]. Adkins has not presented any evidence that Noble failed to provide the requested information in bad faith, nor has he presented any evidence that he has taken additional steps to obtain the requested information by other reasonable means. As detailed above, because Noble has satisfied her burden of proof regarding the motion for summary judgment, Adkins may not simply rely on his pleadings and must "produce evidence that results in a conflict of material fact." *Cox v. Kentucky Department of Transportation*, 53 F.3d 146, 149 (6th Cir. 1995). Because Adkins has failed to produce such evidence and discovery has been ongoing for a considerable period of time,[2] he cannot now avoid summary judgment on these grounds when he has not made a reasonable effort to obtain the requested information from an alternative source. Accordingly, it is recommended that Adkins not be given additional time to obtain the requested information to avoid summary judgment.

## CONCLUSION

The Court, having considered the issues and being otherwise sufficiently advised,

**IT IS RECOMMENDED** that Defendant Noble's Motion for Summary Judgment, [R. 76], be **GRANTED**.

**IT IS ORDERED** that Plaintiff Adkins' Motion to Exclude from Arranging Service [R. 88] is **DENIED**.

*** *** *** ***

The parties are directed to 28 U.S.C. § 636(b)(1) for a review of appeal rights governing this

---

[2] Fact discovery has been ongoing in this case since April 2022 and is set to close on August 28, 2024. [R. 21; 94].

Recommended Disposition. Particularized objections to this Recommended Disposition must be filed within fourteen days from the date of service thereof or further appeal is waived. *United States v. Campbell*, 261 F.3d 628, 632 (6th Cir. 2001); *Thomas v. Ann*, 728 F.2d 813, 815 (6th Cir. 1984). General objections or objections that require a judge's interpretation are insufficient to preserve the right to appeal. *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004); *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). A party may file a response to another party's objections within fourteen days after being served with a copy thereof. FED. R. CIV. P. 72(b)(2).

Signed August 15, 2024.



Signed By:
Edward B. Atkins  EBA
United States Magistrate Judge