UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| CARL ADKINS, | ) |
|     Plaintiff, | ) ) ) ) Case No. 0:22-cv-00008-GFVT-EBA |
| v. | ) ) |
| JUSTIN ROBINSON, *et al.*, | ) **ORDER** |
|     Defendants. | ) ) |

*** *** *** ***

This matter is before the Court on a Report & Recommendation filed by United States Magistrate Judge Edward B. Atkins. [R. 97.] The Plaintiff, Carl Adkins, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the Defendants violated his civil rights. [R. 1.] Defendant Noble filed a Motion for Summary Judgment, arguing that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. [R. 71.] Judge Atkins then prepared a Report & Recommendation. [R. 97.]

After considering the record, Judge Atkins determined that the Motion for Summary Judgment should be granted. *Id.* Mr. Adkins alleges that Defendant Noble violated his First Amendment rights through retaliation and his Eighth Amendment rights through deliberate indifference to his medical needs. [R. 1.] With respect to the retaliation claim, Judge Atkins first found that Adkins "failed to allege sufficient facts to establish a causal connection between the protected activity and alleged adverse action." [R. 97 at 5.] Specifically, Plaintiff Adkins failed to show evidence that he no longer received his medication *because of* Noble. Judge Atkins found that "Adkins' mere conclusory allegations that Noble caused him to no longer

receive his Zanaflex prescription—when it is undisputed that the prescription expired on October 27—is insufficient to create a dispute of material fact." *Id.* at 6. As such, Noble has successfully shown there is no genuine dispute as to any material fact regarding Plaintiff Adkins' First Amendment claims.

Next, Judge Atkins found that Mr. Adkins' Eighth Amendment claim against Defendant Noble should be dismissed on the merits. A deliberate indifference claim has an objective and a subjective component, requiring that a plaintiff show that he had a serious medical need but received care "so cursory as to amount to not treatment at all" and that the defendants knew of the medical need and disregarded its risks. *See Phillips v. Tangilag*, 14 F.4th 524, 532, 551 (6th Cir. 2021).

First, Judge Atkins determined that Mr. Adkins' deliberate indifference claim against Defendant Noble fails as a matter of law. Judge Atkins found that he fails to establish the objective prong because "Adkins does not dispute that he received alternative medical care regarding his chronic foot pain, only that he did not receive his specific Zanaflex prescription." [R. 97 at 9.] Moreover, Mr. Adkins did not provide evidence establishing that the course of treatment he received was inadequate. *Id.*

Second, Judge Atkins found that Mr. Adkins fails to establish the subjective component against Defendant Noble because "the undisputed facts, at most, indicate that Noble acted with negligence by failing to respond to [Adkins] medical questions." *Id.* at 10. However, mere negligence cannot sustain an Eighth Amendment claim. *See Estelle v. Gamble*, 429 U.S. 97, 105 (1976) ("An inadvertent failure to provide adequate medical care cannot be said to constitute "an unnecessary and wanton infliction of pain."). Thus, Judge Atkins found that a jury could not conclude that Defendant Noble was deliberately indifferent to Mr. Adkins' claimed serious

medical need.  *Id.* at 10.

Mr. Adkins did not file objections to the Report and Recommendation.  Generally, this Court must make a *de novo* determination of those portions of a recommended disposition to which objections are made.  28 U.S.C. § 636(b)(1)(c).  When no objections are made, however, this Court is not required to "review . . . a magistrate's factual or legal conclusions, under a de novo or any other standard . . . ."  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Parties who fail to object to a Magistrate's Report and Recommendation are also barred from appealing a district court's order adopting that Report and Recommendation.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Nevertheless, this Court has considered the record and it agrees with the Magistrate Judge's recommendation.  Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** as follows:

1. Magistrate Judge Edward B. Atkins Report and Recommendation **[R. 97]** is **ADOPTED** as and for the Opinion of the Court;

2. Defendant Betty Noble's Motion for Summary Judgment **[R. 71]** is **GRANTED**; and

3. Carl Adkins' claims against the Defendant Betty Noble are **DISMISSED with prejudice**.

This the 12th day of September 2024.

Gregory F. Van Tatenhove
United States District Judge

3