UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
ASHLAND

| | |
|---|---|
| CARL ADKINS, ) | |
| ) | |
| Plaintiff, ) | Case No. 0:22-cv-00008-GFVT-EBA |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | **&** |
| JUSTIN ROBINSON, *et al.*, ) | **ORDER** |
| ) | |
| Defendant. ) | |
| ) | |

*** *** *** ***

This matter is before the Court on the Defendant Justin Robinson's objections [R. 117] to a Report and Recommendation prepared by United States Magistrate Judge Edward B. Atkins. [R. 116.] Judge Atkins reviewed the Defendants' motion for summary judgment as to all of Plaintiff Adkins's claims. *Id.* After conducting a review of the record, Judge Atkins recommends that the Defendants' motion for summary judgment be granted on all claims except for Plaintiff's Eight Amendment claim for excessive force against Defendant Robinson. *Id.* Defendant Robinson timely objected to this recommendation. [R. 117.] Nevertheless, the Court will **OVERRULE** Defendant Robinson's objections and **ADOPT** Judge Atkins's Report and Recommendation **[R. 116]** and as for the opinion of the Court, the Defendants' Motion for Summary Judgment **[R. 111]** is **GRANTED in part** and **DENIED in part.**

**I**

Plaintiff Carl Adkins is currently an inmate at the Kentucky State Penitentiary, but the events giving rise to this action occurred when he was housed at Eastern Kentucky Correctional

Complex (EKCC).[1] [R. 23; R. 1 at 4.] While being transferred to a different cell for closer observation, Adkins claims that he asked to speak with a Unit Administrator about his transfer when, without prior warning, Robinson sprayed him with oleoresin capsicum (OC) spray. [R. 1 at 6.] Robinson's version of events differs in that he claims that Adkins refused to comply with Robinson's orders to "cuff up," so Robinson deployed OC spray to gain Adkins's compliance. [R. 111-2 at 2.] Robinson then waited fifteen minutes before returning to allow the OC spray to kick in. *Id.*

When Robinson returned, Adkins claims he was attempting to comply with Robinson's orders when Robinson sprayed him a second time with OC spray "with obvious malicious and sadistic intent." [R. 1 at 6.] Again, Robinson disagrees with Adkins characterization of events and asserts that Adkins pretended he was going to comply with Robinson's orders, but then, Adkins grabbed his mattress and tried to block the tray slot in his cell door. [R. 111-2 at 3.] In contrast to Adkins's recount of events, Robinson asserts that his purpose in deploying the OC spray a second time was to gain Adkins's compliance. *Id.*

Proceeding *pro se*, Plaintiff Adkins filed this action under 42 U.S.C. § 1983 in this Court on December 28, 2021. [R. 1.] Adkins brought various claims against the Defendants: (1) First Amendment Retaliation against Robinson and Lindon; (2) Eighth Amendment excessive force against Robinson, Hatfield, and Parsons; (3) Eighth Amendment failure to intervene against Lindon; (4) Eighth Amendment cruel and unusual punishment for denial of recreation against

---

[1] In the interest of judicial economy, only those facts which are material to the instant Order are summarized herein. The facts pertaining to Adkins's First Amendment Retaliation claims, Eight Amendment excessive force claims against Hatfield and Parsons, Eight Amendment failure to intervene claims, Eighth Amendment denial of recreation claims, and Fourteenth Amendment due process claims, which are not at issue here, are detailed in the Report and Recommendation. [R. 116 at 1-4.]

2

Lindon and Hatfield; and (5) Fourteenth Amendment due process against Lindon, Hatfield, and Robinson. *Id.* at 10. The Defendants moved for summary judgment as to all of Adkins's claims, and Adkins did not file a response. [R. 111.] The Court referred the Defendants' motion for summary judgment to United States Magistrate Judge Edward B. Atkins to prepare a recommended disposition. [R. 33.]

Judge Atkins ultimately recommended that this Court grant the Defendants' motion on nearly all of Plaintiff Adkins's claims. [R. 116.] However, Judge Atkins recommended that the Defendants' motion be denied as to Adkins's claim that Robinson used excessive force in violation of the Eighth Amendment when he deployed OC spray on two separate occasions. *Id.* at 5-6. Judge Atkins first noted that dismissal of this claim was not warranted for a failure to exhaust administrative remedies because Adkins made an "affirmative effort" to comply with the grievance process. *Id.* at 12. Judge Atkins also found that Robinson was not entitled to summary judgment on this claim because genuine disputes of material fact remain as to Adkins's Eighth Amendment claim against Robinson. *Id.* at 20.

Robinson filed timely objections to Judge Atkins's report and recommendation. [R. 117.] Robinson brings three objections: (1) the recommendation rests on a misreading of *Jennings v. Peiffer*, (2) the recommendation rests on a misreading of *Caldwell v. Moore*, and (3) the record does not support a finding of malicious or sadistic intent. *Id.* Adkins filed a timely response to Robinson's objections, essentially agreeing with Judge Atkins, and asserting that a genuine dispute of material fact warrants denial of summary judgment as to Adkins's Eighth Amendment excessive force claim against Robinson. [R. 119.] The matter is now fully ripe for review. For the reasons set forth below, the Court will **ADOPT** Judge Atkins's Recommendation and **OVERRULE** Defendant Robinson's objections.

**II**

Under 28 U.S.C. § 636(b)(1), a district judge may designate a magistrate judge to submit to the Court recommendations for the disposition of a motion for summary judgment. Following a magistrate judge's recommended disposition, a party has fourteen days to file specific written objections to the proposed findings and recommendations. *Id.* The district judge is then required to consider *de novo* any particularized objection to the magistrate judge's recommendation and "may accept, reject, or modify the recommendation." *Id.* A failure to object is considered waiver of the party's right to further appeal or review by the District Court and Court of Appeals. *United States v. Wandahsega,* 924 F.3d 868, 878 (6th Cir. 2019).

The purpose of objection is to allow "the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Thomas v. Arn*, 474 U.S. 170, 147 (1985). Therefore, objections to the Report and Recommendation must be specific— they may not be "vague, general, or conclusory." *Fields v. Lapeer 71-A District Court Clerk*, 2 F. App'x 481, 482-83 (6th Cir, 2001). Additionally, an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply restates arguments already presented, is not an 'objection' as that term is used in this context. *United States v. Vanover*, No. 2:10-cr-14, 2017 WL 1356328 (E.D. Ky. Apr. 11, 2017). In contrast, a specific objection must "explain and cite specific portions of the report which [the defendant] deems problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (internal citations omitted).

**A**

Robinson brings three objections to Judge Atkins's report and recommendation: (1) the recommendation rests on a misreading of *Jennings v. Peiffer*, (2) the recommendation rests on a misreading of *Caldwell v. Moore*, and (3) the record does not support a finding of malicious or

sadistic intent. [R. 117.] Robinson contends that, properly applied, these cases support summary judgment in his favor and preclude a finding of malicious or sadistic intent. *Id.* Because the Court finds that Judge Atkins properly applied both *Jennings* and *Caldwell* to the instant case, Robinson's objections will be overruled.

1

Robinson first objects to Judge Atkins's application of *Jennings v. Peiffer* to the instant case. [R. 117 at 2-3.] In *Jennings*, two correctional officers deployed OC spray on an inmate that refused to comply with an order to hand over his shoes. 110 Fed.Appx. 643, 645 (6th Cir. 2004). The Sixth Circuit upheld the district court's finding that the correctional officers' conduct "did not evince a wanton, malicious, or sadistic intent." *Id.* The Sixth Circuit reasoned that the inmate's "act of defiance was not a singular occurrence, but a continuation of his ongoing obstreperous behavior beginning hours earlier." *Id.* Namely, that particular inmate had refused to comply with staff directives during breakfast, covered his cell door window, kicked his cell door repeatedly, and created a disturbance in the housing unit. *Id.*

Judge Atkins cited *Jennings* as a comparison to Plaintiff Adkins's conduct, which was a "singular occurrence" rather than "a continuation on ongoing obstreperous behavior." [R. 116 at 20.] Judge Atkins also noted that there was no indication that granting Adkins's request to speak with a Unit Administrator would not have persuaded him to comply with Robinson's order. *Id.* Robinson claims that Judge Atkins "treats *Jennings* as though it prohibits summary judgment whenever an inmate claims he was attempting to comply or that he would comply if he [were] permitted to speak with a different prison official first." [R. 117 at 2.] But Judge Atkins says nothing of the sort. On the contrary, Judge Atkins simply cited *Jennings* to demonstrate the contrast between an inmate *who did not dispute* that he was causing repeated disturbances and

5

Adkins, who claims that his only act of defiance—if it could even be called that—before Robinson deployed the OC spray the first time was a request to speak with the Unit Administrator. [R. 116 at 20.]

Thus, Robinson's objection misses the mark. To be clear, the Court agrees with Robinson that "*Jennings* supports summary judgment for correctional officers when force is employed in a good-faith effort to maintain or restore discipline." [R. 117 at 2.] However, the Court disagrees that the facts of this case demonstrate that, as a matter of law, Robinson deployed the OC spray in a good-faith effort to maintain or restore discipline. Importantly, neither the undersigned nor Judge Atkins say that Robinson did *not* act in good faith—just that there is material factual dispute on the issue. Accordingly, the Court will overrule Robinson's objection as to Judge Atkins's application of *Jennings* to the present matter.

**2**

Robinson next objects to Judge Atkins's application of *Caldwell v. Moore* to the facts of this case. [R. 117 at 3-4.] In *Caldwell*, officers placed an inmate in an isolation cell following a physical altercation with three other inmates. 968 F.2d 595, 596 (6th Cir. 1992). After several days in the isolation cell, the inmate repeatedly requested to be let out for some air and to stretch his legs. *Id.* Each time his requests were denied, he would continuously kick the door and shout. *Id.* at 596-97. The jailer informed the inmate that he would be placed in a straitjacket if he continued this conduct. *Id.* at 597. The inmate persisted for seven more hours, at which point the jailer called for police officers to help restrain the inmate to put him in a straitjacket. *Id.* Once the officers arrived, one officer informed the inmate that they were called to quiet him, to which the inmate responded that he would continue to yell and kick until they released him from

6

his cell. *Id.* The officers then deployed a stun gun on the inmate and placed him in a straitjacket. *Id.*

The inmate brought an Eighth Amendment excessive force claim for the officers' use of the stun gun, and the district court granted summary judgment in favor of the officers. *Id.* at 597-98. In upholding the district court's decision, the Sixth Circuit noted that there were limited options available to the officers in light of the reason the inmate had been placed in the isolation cell to begin with. *Id.* at 601. ("[The inmate] had already demonstrated a propensity for violence by fighting with other inmates."). In rejecting the inmate's claim that numerous alternatives were available to the officers, the Sixth Circuit agreed with the Seventh Circuit's observation that if an order is given to an inmate "and the inmate cannot be persuaded to obey the order, some means must be used to compel compliance[.]" *Id.* at 602 (quoting *Soto v. Dickey*, 744 F.2d 1260, 1267 (7th Cir. 1984)).

Judge Atkins cites *Caldwell* for a similar reason that he cites *Jennings*—to contrast the conduct of both Adkins and Robinson with the conduct of the inmates and officers in those cases. [R. 116 at 20.] Robinson claims that Judge Atkins reads *Caldwell* "to suggest that chemical agents may be used only after every non-force option has been exhausted" and "as if it imposed a heightened necessity or proportionality test." [R. 117 at 3-4.] Again, Robinson misreads the recommendation. Judge Atkins does not suggest that Robinson was under an obligation to conduct lengthy negotiations with Adkins, but rather, points out that the Court in *Caldwell* found it relevant that the officers attempted to de-escalate the situation and persuade the inmate to comply before resorting to force. [R. 116 at 20.] The Court again emphasizes that neither it nor the recommendation attempt to pass judgment on whether Robinson's conduct was reasonable under the circumstances. The Court simply recognizes that a jury is best situated to resolve

whether Robinson's use of force was applied in a good faith effort to maintain or restore discipline. *Mace v. Smith*, No. 3:17-cv-283-CRS, 2018 WL 6728569, at *5 (W.D. Ky. Dec. 21, 2018) ("Credibility determinations are the province of the jury, rather than the judge ruling on summary judgment.") Accordingly, the Court will overrule Robinson's objection as to Judge Atkins's application of *Caldwell* to the instant case.

### 3

As to Robinson's final objection, the Court finds it to be a general objection, and thus not adequately preserved for review. Robinson objects to the recommendation on the grounds that "the record does not support a finding of malicious or sadistic intent." [R. 117 at 4-5.] In this objection, Robinson merely restates his prior arguments that *Jennings* and *Caldwell* support a grant of summary judgment in his favor. *Id.* As discussed above, an 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply restates arguments already presented, is not an 'objection' as that term is used in this context. *United States v. Vanover*, No. 10-14-DLB-REW-1, 2017 WL 1356328 (E.D. Ky. Apr. 11, 2017). Because the Court has already explained herein why a material factual dispute exists regarding whether Robinson acted with malicious or sadistic intent, there is no need to rehash the issue. Accordingly, Robinson's objection that the record does not support a finding of malicious or sadistic intent will be overruled.

### B

Plaintiff Adkins failed to raise any objection to Judge Atkins recommendation that summary judgment should be granted in the Defendants' favor on the balance of claims. As such, the Court is under no obligation to review Judge Atkins's Report and Recommendation under a *de novo* or any other standard. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Nevertheless,

the Court has considered the record and agrees with Judge Atkins's recommendation that the Defendants' motion for summary judgment should be granted as to the First Amendment Retaliation claims, Eighth Amendment excessive force claims against Hatfield and Parsons, Eighth Amendment failure to intervene claim, Eighth Amendment claims for denial of recreation, and Fourteenth Amendment due process claims.

### III

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Defendant Robinson's Objections to the Report and Recommendation **[R. 117]** are **OVERRULED**;

2. The Report and Recommendation **[R. 116]** is **ADOPTED** as and for the opinion of the Court;

3. Defendants' Motion for Summary Judgment **[R. 111]** is **GRANTED in part** and **DENIED in part.**

This the 17th day of December, 2025.

Gregory F. Van Tatenhove
United States District Judge